Affirmed with damages.

## CHARLES A. HARRISON v. THE STATE.

Where the proof was that the witness saw the defendant betting at Faro, at the place charged in the indictment, within the county, within one year before the finding of the indictment, but the witness could not state what was bet, whether money, property or the representative of either, although he was positive that the bank was exhibited for gaming it was held sufficient under the Statute.

Where in an indictment for betting at Faro, the proof was that a witness saw the defendant betting, but he could not say what he bet, whether money, property or the representative of either, although he was positive that the bank was exhibited for gaming, and the defendant asked the Court to charge the jury, that if the betting was not clearly established by the evidence, they should find him not guilty, it was held that the charge was properly refused, on the ground that it assumed, contrary to the truth, that the proof upon the point was doubtful. (Under our Statute it is not necessary to allege or prove the particular thing bet.)

Appeal from Travis. Indictment for betting at a gaming bank called Faro, in a house in the city of Austin, known as Robinson's Grocery, within the county, &c. The proof was by a single witness, that he had seen the accused betting at a gaming bank called Faro, at a public place called Robinson's Grocery, within the limits of the county and within the period of twelve months; but could not state what it was the accused did bet, whether money, property, or the representative of either; but was positive he saw defendant betting at said game, and that it was exhibited for gaming. The defendant asked the Court to charge the jury that if the betting was not clearly established by the evidence, they should find him not

guilty. Which charge the Court refused to give, but charged the jury as follows:

If you think the defendant has bet at a banking game called Faro, as charged in the indictment, at any time within twelve months before the finding of the indictment, it is your duty to find him guilty, and impose such fine, &c.

The indictment does not charge what was bet on the game, nor is it required to charge that money or property was bet; and if the proof shows that the party bet anything at such game, exhibited for gaming, the offence is made out.

Verdict of guilty. Motion for new trial overruled, &c.

*S. G. Sneed*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The Statute under which this indictment was framed declares that "it shall be sufficient for the indictment "to charge, that the person or persons betting upon, or con- "cerned in betting upon such gaming-table or bank, did bet or "was or were concerned in betting upon such gaming-table or "bank," &c. (Hart. Dig. Art. 1478.) Under this provision, it is not necessary to charge what was bet upon the game. On general principles, it is not necessary to prove what it is not necessary for the indictment to charge. The proof was positive that the defendant did bet "at a gaming bank called Faro." That was sufficient, under the Statute, to make out the offence charged. It was not necessary for the State to prove what was bet.

The Court properly refused the instruction asked by the defendant. There was and could be no doubt that the fact of betting was "clearly established by the evidence." The jury could not find the contrary, without a manifest disregard of their oaths, and a criminal violation of duty; and the Court might well refuse an instruction that assumed, contrary to the

truth, that the proof upon that point was doubtful, or which insinuated a doubt, and would have left the inference that the jury were at liberty to find contrary to the fact proved.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.